**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>**GERMAN PINTO-NUNEZ**</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Petitioner,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td>**Civ. No.: MJM-26-397**</td></tr>
<tr><td>v.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>**PAMELA BONDI,** *et al.*,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Respondents.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

This matter is before the Court on petitioner German Pinto-Nunez's ("Petitioner") Motion for Order to Show Cause. ECF No. 9. The motion is fully briefed, and no hearing is necessary to resolve it. *See* Loc. R. 105.6 (D. Md. 2025).  For reasons explained herein, the motion is denied.

### I.      Background

As recounted in this Court's Order dated February 5, 2026 (the "February 5th Order"):

> Petitioner German Pinto-Nunez ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 30, 2026. ECF No. 1. Petitioner alleges that (1) he is a citizen and national of Honduras who has been present in the United States without inspection since January 2004; (2) on January 29, 2026, while Petitioner was on his way to work, immigration officials arrested Petitioner and transferred him to a holding room in Baltimore, Maryland, where he remained in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the time his petition was filed. *Id.* at 2–6. The petition asserts that Petitioner's detention by ICE violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. *Id.* at 6–13. He seeks a bond hearing or release from custody, among other forms of relief. *Id.* at 14.

> On February 3, 2026, the parties filed a joint notice and status report stipulating that "the factual and legal issues presented in the instant habeas petition are related to some of those presented

in Cardona y Cardona v. Noem, Case No. 25-cv-02262-ABA, and Lopez Lopez v. Noem, Case No. 26-cv-00008-BAH." ECF No. 7 at 1.

ECF No. 8.

In consideration of the parties' joint notice and status report, this Court entered an Order finding jurisdiction, finding that "Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is entitled to a bond hearing[,]" and directing *inter alia* that Petitioner receive a bond hearing in immigration court by February 19, 2026. *Id.*

On February 19, 2026, Petitioner filed a Motion for Order to Show Cause stating that (1) his bond hearing was conducted before an immigration judge in Hyattsville, Maryland on February 13, 2026; (2) through counsel, Petitioner presented evidence and argument in support of his request for bond; and (3) the immigration judge ultimately found that, although Petitioner was not a danger to society, he presented a flight risk, and the immigration judge denied bond on that basis. ECF No. 9 at 2–3. Respondents filed a response in opposition to the motion, ECF No. 10, and Petitioner filed a reply, ECF No. 13.

## II.     Motion for Order to Show Cause

In his motion, Petitioner contests the legality of the immigration court's bond decision. ECF No. 9 at 3–7. He now seeks relief in this Court in the form of an order (1) requiring Respondents to show cause "why this Court should not find that the immigration judge f[a]iled to properly consider and weigh all the relevant factors related to his finding that Petitioner is a flight risk, and on that basis denied him bond[;]" (2) directing Respondents to release Petitioner "unless he commits a crime, fails to appear at any scheduled immigration hearings for which he receives proper notice, or pursuant to 8 U.S.C. § 1231(a)(2);" and (3) enjoining Respondents "from finding

Petitioner is a flight risk as long as he continues to appear for any scheduled hearings before the Immigration Court[.]" ECF No. 9-1.

In opposition, Respondents argue that Petitioner's bond hearing was conducted in accordance with the February 5th Order and this Court is barred by statute—including 8 U.S.C. § 1226(e)—from reviewing or setting aside the immigration judge's bond decision. ECF 10.

In reply, Petitioner argues that this Court has jurisdiction to enforce the requirements of the Due Process Clause and the February 5th Order; the Order was violated here because Petitioner did not receive a bond hearing under 8 U.S.C. § 1226(a); limiting the Court's jurisdiction violates the Suspension Clause; and the Executive Office of Immigration Review has undergone institutional changes that cast doubt on the availability of due process in the immigration court system. ECF 13.

### III.   Discussion

Petitioner's motion is denied because this Court lacks jurisdiction under 8 U.S.C. § 1226(e) to review or set aside the immigration judge's decision to deny bond, and, in any case, Petitioner fails to demonstrate that he has been denied due process under Fourth Circuit precedent.

As argued in Respondents' opposition, ECF 10, this Court is precluded by statute from reviewing the immigration court's bond determination. Title 8, United States Code, Section 1226(e) plainly states: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." This provision does not deprive federal district courts of jurisdiction to hear challenges to "the statutory framework that permits his detention without bail[,]" *Demore v. Kim*, 538 U.S. 510, 517 (2003), but it does "forbid review of the Attorney

3

General's actions and decisions in individual proceedings[,]" *Miranda v. Garland*, 34 F.4th 338, 353 (4th Cir. 2022). Here, Petitioner does not challenge the statutory and regulatory framework governing the process through which the immigration court denied him bond. He challenges the bond denial made by the immigration court in his particular case, *see* ECF No. 9 at 2–5, and now asks this Court to order his immediate release, *see* ECF No. 9-1.  To order Petitioner's release would necessarily "set aside" the discretionary decision by the immigration court on behalf of the Attorney General regarding Petitioner's detention. This relief is foreclosed by § 1226(e); this Court simply lacks the authority to grant it. Other judges of this Court have come to the same conclusion. *See Chavez de Vasquez v. Baker*, Civ. No. SAG-25-3657, 2025 WL 3713773 (D. Md. Dec. 23, 2025); *Flores Hernandez v. Noem*, Civ. No. JRR-26-423 (Feb. 24, 2026); *Santos Garcia v. Baker*, Civ. No. GLR-26-616 (D. Md. Mar. 9, 2026).

Petitioner argues, in sum, that § 1226(e) does not preclude this Court from deciding whether the bond hearing he received complied with due process and with the February 5th Order. This argument fails. First, the February 5th Order directed that Petitioner receive a bond hearing pursuant to § 1226(a) and "the regulations provided at 8 C.F.R. §§ 236.1(d), 1003.19 & 1236.1(d)[.]" ECF No. 8. Petitioner has identified no violation of any of the foregoing regulations and, therefore, no violation of the February 5th Order.

Second, Petitioner has made no showing that his bond hearing did not meet the requirements of due process. In *Miranda*, the U.S. Court of Appeals for the Fourth Circuit recognized that the procedures established for detention and bond determinations in immigration court under § 1226(a) satisfy due process. 34 F.4th at 366. Specifically, the court noted that these procedures provide "the fundamental features of due process—notice and an opportunity to be heard." *Id.* at 362. Additionally, "immigration judges and the Board [of Immigration Appeals

('BIA')] have the guidance of a list of factors outlined in the agency's decision in *In re Guerra*[, 24 I. & N. Dec. 37, 40 (BIA 2006),] to utilize in determining whether bond is warranted and under what conditions." *Id.* The list of factors identified in *In Re Guerra* is "a non-exhaustive, but flexible menu of considerations relevant to detention decisions." *Id.* Importantly, the BIA recognized that immigration judges have "broad discretion in deciding the factors that [they] may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *In Re Guerra*, 24 I. & N. Dec. at 40. Here, Petitioner clearly had notice of his bond hearing and was represented by counsel, and he acknowledges that he had the opportunity to present evidence and to be heard. *See* ECF No. 9-2 (notice of intent to offer evidence). Petitioner presents no evidence to support his contention that his due process rights were violated at the hearing. He attaches to his motion the immigration judge's summary order finding a flight risk and denying bond. ECF No. 9-3. Notably absent from Petitioner's submission is any transcript or detailed account of the bond hearing.

Instead of evidence that he was denied due process at his individual bond hearing, Petitioner attaches affidavits from a former immigration judge and a practicing immigration attorney speaking to systemic issues within the immigration courts. ECF Nos. 9-5 & 9-6. These affidavits express general concerns about a perceived increase in bond denials and "adverse outcomes" that, in the affiants' opinions, call into question the sufficiency of process provided to respondent noncitizens at bond hearings. The affiants' observations are troubling, and I respect their opinions. But, ultimately, their views have no bearing on whether Petitioner received a bond hearing that meets the requirements of due process. Although each affiant has a wealth of experience in immigration litigation, neither affiant had any involvement in Petitioner's bond hearing. The immigration attorney's general observations at the immigration court in Annandale,

Virginia over the past several weeks, *see generally* ECF No. 9-6, have no relevance to the bond hearing Petitioner received in Hyattsville, Maryland.

Petitioner characterizes the present state of bond hearings in immigration court in general as "*pro forma* proceedings with predetermined outcomes." ECF No. 13 at 11. I am not persuaded. This Court has, in more than a dozen cases over the past several weeks, granted habeas petitions in part, ordered respondent DHS officials to provide bond hearings in immigration court, and received status reports after the bond hearings were conducted as ordered. As of the date of this Memorandum Order, in approximately half of the cases in which a bond hearing was ordered and conducted, bond was granted or the petitioner was otherwise released from custody. Therefore, based on this Court's experience to date, I cannot find the outcome of a bond hearing in immigration court is "predetermined."

Petitioner has not made a sufficient showing that the immigration judge's denial of bond was constitutionally arbitrary. He proffers that the immigration judge in his case based the finding of flight risk upon an expectation that the form of relief from removal Petitioner will seek is likely to be denied. ECF No. 9 at 3. But, as Petitioner concedes, the BIA has held that an immigration judge may consider "the likelihood that relief from removal will be granted in determining whether an alien warrants bond." *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (BIA 2020). Indeed, this factor is relevant to determining the risk that a noncitizen will flee removal proceedings. Petitioner contends that the immigration judge's conclusion was "unsupported" because "the case has not been scheduled for a hearing on the merits and thus the evidence to support the form of relief has not been submitted or prepared." ECF No. 9 at 3. But the early posture of Petitioner's removal proceedings would not necessarily prevent the immigration judge from drawing rational conclusions about Petitioner's likelihood of success based on the judge's knowledge and

experience and whatever information was presented to him about the form of relief from removal Petitioner intends to pursue. Even if this Court had jurisdiction to review the immigration judge's findings, I would have no way of making that assessment without a transcript or more detailed account of the bond hearing.

Petitioner argues that "the immigration judge did not give proper weight" to the record evidence and "wholly ignored and disregarded" Petitioner's evidence that he was not a flight risk. ECF No. 9 at ¶¶ 9, 12. The Court can understand Petitioner's frustrations but is not convinced that the immigration judge abdicated his duty to make an individualized assessment of flight risk. Petitioner cites no binding authority for the proposition that the Due Process Clause prescribes the manner in which an immigration judge must weigh and balance evidence presented to him at a bond hearing. To the contrary, the Fourth Circuit has recognized that immigration judges are afforded discretion to "decide which factors are relevant in determining if an alien is entitled to bond" under § 1226(a), *Miranda*, 34 F.4th at 365, and has found no failure of due process in that exercise of discretion, *id.* at 366; *see also In Re Guerra*, 24 I. & N. Dec. at 40 (recognizing the "broad discretion" afforded under § 1226(a)). Petitioner's challenge to the evidentiary basis of the immigration judge's decision is precisely the sort of judicial review expressly precluded by § 1226(e).

Petitioner argues that applying § 1226(e) to deny jurisdiction here would violate the Suspension Clause of Article I. The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U. S. Const., Art. I, § 9, cl. 2. This provision, "at a minimum, 'protects the writ as it existed in 1789,' when the Constitution was adopted." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 116 (2020) (quoting *INS v. St. Cyr*, 533 U.S. 289, 301 (2001)). But,

7

here, "Petitioner has not been precluded from bringing this habeas petition and asserting constitutional and statutory challenges to his detention, nor has this Court been precluded from reviewing and ruling on it." *Fleurimond v. Noem*, No. CV-26-00037-PHX-MTL (CDB), 2026 WL 507542, at *2 (D. Ariz. Feb. 24, 2026). Indeed, this Court found jurisdiction and granted relief in the February 5th Order by directing that Petitioner receive a bond hearing pursuant to § 1226(a). ECF No. 8. Section 1226(e) was no impediment to that Order. But now that Petitioner has received a bond hearing and a decision by an immigration judge with jurisdiction, § 1226(e) precludes this Court from reviewing that decision or setting it aside. Although courts have not denied jurisdiction under § 1226(e) "in cases where habeas petitions assert constitutional claims challenging the extent of the Attorney General's authority, rather than [her] discretionary decisions[,]" *Gutierrez-Soto v. Sessions*, 317 F. Supp. 3d 917, 924–25 (W.D. Tex. 2018) (citing cases), in the instant case, Petitioner challenges precisely the discretionary decision of the immigration judge, on behalf of the Attorney General. Section 1226(e) precludes this Court from second-guessing that exercise of discretion.

Applying § 1226(e) in the instant case, in its current posture, to deny this Court jurisdiction to review the immigration judge's denial of bond does not effect an unconstitutional suspension of the writ. The U.S. Supreme Court has long held that the writ is not suspended in violation of the Suspension Clause where Congress substitutes it with "a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention . . . ." *United States v. Surratt*, 797 F.3d 240, 264 (4th Cir. 2015) (quoting *Swain v. Pressley*, 430 U.S. 372, 381 (1977)). Where Congress strips federal courts of jurisdiction to issue the writ, the court must determine whether the statute "avoids the Suspension Clause mandate because Congress has provided adequate substitute procedures for habeas corpus." *Boumediene v. Bush*, 553 U.S. 723, 771 (2008). In the

instant case, § 1226(e) avoids unconstitutional suspension of the writ because it does not stand in the way of Petitioner receiving a bond hearing in immigration court and appeal of any adverse outcome to the BIA. I do not find the process that Petitioner has been afforded—and that which remains available to him—to be "inadequate [or] ineffective to test the legality of [his] detention." *Swain*, 430 U.S. at 381.

In sum, this Court recognizes Petitioner's concerns but cannot find that he did not receive the process he is due, even if, to date, he has not received the outcome he prefers. In accordance with the February 5th Order, Petitioner received a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). Section 1226(e) forbids this Court from reviewing or setting aside the immigration judge's decision to deny bond.

## IV.    Order

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  Petitioner's Motion for an Order to Show Cause is DENIED;

2.  The petition is DISMISSED;

3.  The Clerk SHALL CLOSE this case.

It is so ORDERED this __10th__ day of March, 2026.

_____
Matthew J. Maddox
United States District Judge

9